NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>RONNIE PADILLA SANTIANO,<br>Debtor. | BAP No. NV-25-1220-GCB<br><br>Bk. No. 25-14508-hlb |
| RONNIE PADILLA SANTIANO,<br>Appellant,<br>v.<br>CHRISTOPHER HOLLIS TERRELL,<br>Appellee. | MEMORANDUM* |

Appeal from the United States Bankruptcy Court
for the District of Nevada
Hilary L. Barnes, Bankruptcy Judge, Presiding

Before: GAN, CORBIT, and BRAND, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Ronnie Padilla Santiano ("Debtor") appeals the
bankruptcy court's order granting a motion to dismiss filed by creditor
Christopher Hollis Terrell. The bankruptcy court held that Debtor filed his
petition as part of a coordinated effort with his girlfriend, Joselyn Soble, to

---

\* This disposition is not appropriate for publication. Although it may be cited for
whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential
value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Rule" references are to the Federal
Rules of Bankruptcy Procedure.

stay Terrell's state-court fraudulent transfer action and judgment enforcement. The bankruptcy court dismissed the case because Debtor filed the petition in bad faith and granting relief would be an abuse of the bankruptcy process. We discern no abuse of discretion and AFFIRM.

## FACTS

Debtor filed his chapter 7 petition in August 2025. He scheduled assets having a value of $5,510, including a 100% interest in Diamond Product Cut Elite Marketing, LLC ("DPCEM"), and he scheduled several unsecured claims, including a contingent and disputed claim in favor of Terrell based on a pending lawsuit. Debtor indicated that his debts were primarily consumer debts. The chapter 7 trustee conducted the meeting of creditors and filed a report of no distribution in September 2025.

In late September 2025, Terrell filed a motion to dismiss the case pursuant to § 707(b), arguing that Debtor filed the petition in bad faith. Terrell stated that in 2023 and 2024, he obtained three California state court judgments against Soble and Diamond Professionals International, a California corporation ("DPI"), in the total amount of $1,506,068.91. He alleged that Debtor formed DPCEM in January 2023 to receive fraudulently transferred assets from Soble and DPI. Terrell then filed an action in state court to recover the alleged fraudulent transfers.

Terrell argued that Debtor and Soble filed multiple bankruptcy cases personally, and on behalf of DPI, in a coordinated effort to delay his discovery and collection actions. He asserted that: (1) Soble filed a chapter

2

13 petition in California on February 21, 2025, then voluntarily dismissed it in March 2025; (2) DPI filed a chapter 7 petition in California on February 28, 2025, which was dismissed in March 2025 for failure to file schedules and statements; (3) Debtor filed a chapter 13 petition in Nevada on April 10, 2025, after being served with a subpoena duces tecum, which chapter 13 case was dismissed in May 2025 for failure to file required documents; (4) Soble filed a chapter 13 in Nevada on April 23, 2025, which was dismissed by the court "because it was filed in bad faith and the record reflects a pattern of bankruptcy filings to stay judgment enforcement against [her]," after Soble failed to file schedules or a plan, or appear at her meeting of creditors; and (5) Debtor filed the present chapter 13 just days after Soble's second case was dismissed.

Terrell noticed a hearing on the motion to dismiss for November 4, 2025. He then obtained an order requiring Debtor to appear for a Rule 2004 examination, and he served a subpoena requiring Debtor to produce documents on October 20, 2025. Debtor refused to produce documents, arguing that he was not obligated to comply with the subpoena because there was no court order requiring him to do so.

On October 21, 2025, Debtor filed a response to the motion to dismiss. He maintained that Terrell was estopped from seeking dismissal because he did not attend the meeting of creditors, and Terrell lacked standing to file the motion because he was not a judgment creditor but merely a "potential creditor." Debtor represented that his prior chapter 13 case was

not indicative of bad faith and the trustee's report of no distribution was evidence that he filed the present chapter 7 case in good faith. Finally, Debtor contended that his refusal to comply with the subpoena duces tecum was justified.

In reply, Terrell argued that Debtor's postpetition conduct was further evidence that he filed the case in bad faith. He noted that Debtor failed to address the factors for dismissal under § 707(b) or to provide evidence of his good faith.

The bankruptcy court conducted a hearing on November 4, 2025, but Debtor did not appear. The court found "a pattern of coordinated bankruptcy filings by Debtor and Joselyn Soble to stay the state court fraudulent transfer action and judgment enforcement." It entered an order dismissing the case under § 707(b)(1) and (3)(A) because Debtor filed the case in bad faith and the granting of relief to Debtor would be an abuse of the bankruptcy code. Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion by dismissing the case?

## STANDARD OF REVIEW

We review the bankruptcy court's decision to dismiss a case under § 707(b) for abuse of discretion. *Ng v. Farmer (In re Ng)*, 477 B.R. 118, 125

4

(9th Cir. BAP 2012). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

Debtor argues the bankruptcy court erred by dismissing the case without objective evidence of bad faith or egregious conduct. He maintains that Terrell lacks standing to seek dismissal because he is a "contingent and disputed" creditor, and thus, not a party in interest. Finally, Terrell argues that the court should not have considered his failure to comply with the subpoena or to appear for the hearing because he is a pro se litigant and did not understand his obligations.

## A. Legal standards governing dismissal under § 707(b)

Under § 707(b)(3)(A), the bankruptcy court may dismiss a chapter 7 case as abusive if it determines the debtor filed the case in bad faith. Section 707(b) provides in pertinent part:

> (1) After notice and a hearing, the court, on its own motion or on a motion by . . . any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts . . . if it finds that the granting of relief would be an abuse of the provisions of this chapter
>
> . . .
>
> (3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in paragraph

5

(2)(A)(i)[2] does not arise or is rebutted—the court shall consider—

     (A) whether the debtor filed the petition in bad faith[.]

We determine whether a debtor has filed a chapter 7 petition in bad faith according to the standards for bad faith dismissal used in chapter 11 and chapter 13 cases. *Johnson v. Vetter (In re Johnson)*, BAP No. EC-13-1094-JuTaKu, 2014 WL 2808977, at \*6 (9th Cir. BAP June 6, 2014) (citing *In re Mitchell,* 357 B.R. 142, 154 (Bankr. C.D. Cal. 2006)). Courts typically consider the following, non-exclusive factors:

(1) whether the debtor has a likelihood of sufficient future income to fund a Chapter 11, 12, or 13 plan which would pay a substantial portion of the unsecured claims; (2) whether the debtor's petition was filed as a consequence of illness, disability, unemployment, or some other calamity; (3) whether the schedules suggest the debtor obtained cash advancements and consumer goods on credit exceeding his or her ability to repay them; (4) whether the debtor's proposed family budget is excessive or extravagant; (5) whether the debtor's statement of income and expenses is misrepresentative of the debtor's financial condition; (6) whether the debtor has engaged in eve-of-bankruptcy purchases; (7) whether the debtor has a history of bankruptcy petition filings and case dismissals; (8) whether the debtor intended to invoke the automatic stay for improper purposes, such as for the sole objective of defeating state court litigation; and (9) whether egregious behavior is present.

---

[2] Pursuant to Debtor's Statement of Current Monthly Income, the presumption of abuse under § 707(b)(2)(A)(i) does not arise in this case.

*Id.* (citing *In re Mitchell*, 357 B.R. at 154; *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir. 1999)).

Fraudulent intent is not necessary for the court to find bad faith. *Id.*; *In re Leavitt*, 171 F.3d at 1224. No single factor is dispositive, and the court must weigh the totality of the circumstances. *Id.*; *In re Mitchell*, 357 B.R. at 154.

## B.     The bankruptcy court did not abuse its discretion by dismissing the case.

The bankruptcy court considered Debtor's history of filings and dismissals and his intent to invoke the automatic stay solely to defeat state court litigation.[3] Debtor maintains the court erred by assuming that his multiple bankruptcy filings automatically indicated bad faith, but the court clearly evaluated Debtor's multiple filings in the context of his coordinated effort with Soble to defeat Terrell's state court litigation. The record supports the bankruptcy court's finding of bad faith, which is not clearly erroneous.

Debtor's argument that Terrell lacked standing is similarly unavailing. Section 101(10) defines "creditor" as an entity that has a claim

---

[3] The bankruptcy court also incorporated into its order the findings of fact and conclusion of law made on the record at the November 4, 2025 hearing. But Debtor has not provided a transcript of that hearing, as required by Rule 8009, and it is not readily available on the bankruptcy court's docket. We have discretion to disregard this failure and decide the appeal on the merits if an informed review is possible, *Kyle v. Dye (In re Kyle)*, 317 B.R. 390, 393 (9th Cir. BAP 2004), *aff'd*, 170 F. App'x 457 (9th Cir. 2006), and we assume that the transcript does not assist Debtor in his appeal, *Gionis v. Wayne (In re Gionis)*, 170 B.R. 675, 680-81 (9th Cir. BAP 1994), *aff'd*, 92 F.3d 1192 (9th Cir. 1996).

against the debtor that arose prepetition. Section 101(5) defines "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . . ." Debtor identified Terrell in his schedules as having a disputed and unliquidated claim. Thus, Terrell was a creditor and had standing to seek dismissal. Moreover, dismissal is not dependent on a motion from a creditor or party in interest. Section 707(b) specifically provides for dismissal by the court "on its own motion *or* on a motion by . . . any party in interest." (emphasis added).

Finally, the bankruptcy court did not err by considering Debtor's postpetition conduct, but even if Debtor's failure to produce documents or appear at the hearing were excusable, it would not materially change the analysis regarding whether he filed the petition in bad faith.

Debtor does not demonstrate an abuse of discretion in dismissing the case under § 707(b). The bankruptcy court correctly applied the law, and the record supports the court's finding that Debtor filed the petition in bad faith.

**CONCLUSION**

Based on the foregoing, we AFFIRM.